■   ERNEST KLEIN et al., Appellants, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, Respondent.—In a proceeding to stay arbitration, petitioners appeal from an order of the Supreme Court, Kings County, dated March 31, 1976, which (1) denied the application to stay arbitration, (2) granted respondent's cross motion to compel arbitration, (3) directed the parties to proceed to arbitration and (4) stayed petitioners from commencing any action with respect to the claim ordered to be arbitrated. Order reversed, on the law, with $50 costs and disbursements, application to stay arbitration granted, and cross motion denied. Respondent, pursuant to an agreement between the parties providing for arbitration, served a demand for arbitration upon petitioners with regard to a debt which resulted from the liquidation of petitioners' stock call options. Petitioners, pursuant to CPLR 7503, moved to stay arbitration on a number of grounds. We see no merit to any of petitioners' contentions other than the invoking of the *Wilko v Swan* (346 US 427) doctrine. In that case, the Supreme Court clearly held that when there are allegations of securities law violations, arbitration is precluded despite an arbitration agreement between the parties. The Supreme Court held that an individual's right to the forum of a court of law in a matter concerning alleged securities law violations could not be waived in advance. The court further held that even though the parties may have entered into an otherwise valid arbitration agreement, the arbitration clause, in such instances, is void as a matter of law. Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.